UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-80415-Civ-Brannon

ERIC GILBERT, et al.,

    Plaintiffs,

vs.

SUNTRUST BANKS, INC.,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DE 36)**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint and Request for Hearing (DE 36), Plaintiffs' Opposition (DE 43), and Defendant's Reply (DE 44).  The undersigned has reviewed the record, heard oral argument on the matter on September 15, 2015 (DE 46), and is otherwise advised in the premises.  For the reasons stated herein, the Court ORDERS that Defendant's Motion to Dismiss Plaintiff's Dismiss Plaintiffs' First Amended Complaint (DE 36) is DENIED.

    I.    BACKGROUND

Plaintiffs Eric Gilbert and Laura Pinho ("Plaintiffs") filed their First Amended Class Action Complaint (DE 31) against Defendant SunTrust Banks, Inc. ("Defendant") for Defendant's alleged violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").  Plaintiffs claim that Defendant, the plan sponsor of the SunTrust Health Plan ("Plan"), failed to provide Plaintiffs with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a qualifying event.  Specifically,

1

Plaintiffs allege that Defendant's written notice (the "Notice") (DE 31-2) fails to provide the name and address of the party responsible under the Plan for the administration of continuation coverage benefits, and it fails to provide any of the procedures for electing continuation coverage or an election form to elect continuation of coverage.

Defendant asserts that Plaintiffs' amended complaint should be dismissed for failure to state a plausible claim under ERISA because Defendant's Notice does contain the information alleged missing, and Plaintiffs have failed to exhaust their administrative remedies as required by Eleventh Circuit law.  In addition, Defendant moves to strike Plaintiffs' request for a jury trial because no right to a jury trial exists in actions brought pursuant to ERISA.  Because Plaintiffs withdraw their demand for a jury trial in their Opposition to Defendant's Motion to Dismiss (DE 43 at 2), the Court denies Defendant's motion to strike Plaintiffs' request for a jury trial as moot.

II.     **STANDARD OF REVIEW**

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  On a motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), while the court must consider the allegations contained in Plaintiff's complaint as true, such tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Similarly, formulaic recitations of the elements of a cause of action are insufficient. *Id.*  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III.     DISCUSSION

COBRA requires the administrator of a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must comply with 29 C.F.R. § 2590.606-4, which requires, among other things, that the notice:

> be written in a manner calculated to be understood by the average plan participant and shall contain . . . [t]he name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits" and "[a]n explanation of the plan's procedures for electing continuation coverage.

29 C.F.R. § 2590.606-4(b)(4), (i), (v).

Here, Plaintiffs allege that Defendant's Notice does not identify the party responsible for administering continuation coverage in a manner calculated to be understood by the average plan participant, and the Notice does not adequately explain the procedures for electing coverage because it merely points the plan participant to an unhelpful website and phone number. Plaintiffs have attached a copy of the Notice to their amended complaint, which the Court will consider in its ruling. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (finding that "the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto"). After review of the Notice attached to Plaintiffs' amended complaint, and because the Court must consider Plaintiffs' allegations as true at this stage in the litigation, the Court finds that Plaintiffs have set forth sufficient factual matter to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, the Court finds, at this juncture in the litigation, Defendant's argument that Plaintiffs failed to exhaust their administrative remedies is premature.

## IV. CONCLUSION

Accordingly, the Court ORDERS that:

(1) Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (DE 36) is **DENIED**;

(2) Defendant's motion to strike Plaintiffs' request for a jury trial is **DENIED AS MOOT**; and

(3) Defendant shall have **14 days** from the date of this Order to file an Answer to Plaintiffs' First Amended Complaint (DE 31).

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 18th day of September, 2015.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE